**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIE R. SMITH,

    Plaintiff,

vs.                                          Case No. 3:18-cv-1459-J-34MCR

CITY OF ATLANTIC BEACH,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action in state court by filing a two-count Complaint for race discrimination and retaliation. See Complaint (Doc. 3). Defendant removed the action to this Court on December 10, 2018. See Notice of Removal (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See Weiland, 792 F.3d at 1321-23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322-23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a

separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Here, Count I of the Complaint, titled "Race Discrimination," appears to include two separate causes of action, one premised on disparate treatment and the other on a hostile work environment. See Complaint ¶¶ 21-29. Notably, on a prior occasion, in closely analogous circumstances, the Eleventh Circuit has admonished Plaintiff's counsel that this manner of pleading is improper. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation). Accordingly, the Court will strike the Complaint and direct Plaintiff to file an amended complaint that sets forth each of his claims for relief in a separate count. See Anderson, 77 F.3d at 367 n.5 (noting that when faced with a shotgun pleading the district court should sua sponte strike the pleading and direct the plaintiff to file a more definite statement). Thus, if Plaintiff intends to assert a claim for hostile work environment, and can do so consistent with Rule 11, Plaintiff must set forth that claim in a separate count and identify the specific factual allegations on which such claim is based. Accordingly, it is

**ORDERED**:

1. The Complaint (Doc. 3) is **STRICKEN**.
2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **January 4, 2019**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on December 12, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties