**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WILLIE R. SMITH,

    Plaintiff,

vs.                                            Case No. 3:18-cv-1459-J-34MCR

CITY OF ATLANTIC BEACH,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant City of Atlantic Beach's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 10; Motion), filed on January 18, 2019. In the Motion, Defendant argues, in pertinent part, that the Amended Complaint is due to be dismissed because it is improperly drafted in violation of Rule 10(b), Federal Rules of Civil Procedure (Rule(s)). See Motion at 3-4.[1] Specifically, Defendant asserts that: 1) Plaintiff reincorporates all factual allegations into both his race discrimination and retaliation claims, making it impossible to decipher which allegations support which claims, and 2) "Plaintiff's claims for race discrimination in violation of the FCRA, Title VII, and 42 U.S.C. § 1981(a) are not properly set forth in separate counts." See Motion at 5.[2] Plaintiff filed a response

---

[1] Notably, the Court struck Plaintiff's initial Complaint (Doc. 3) sua sponte as an impermissible shotgun pleading. See generally Order (Doc. 6). In his initial Complaint, Plaintiff appeared to include two separate causes of action in Count I, one premised on disparate treatment and the other on a hostile work environment. See Complaint ¶¶ 21-29. The Court directed Plaintiff to file an amended complaint that "sets forth each of his claims for relief in a separate count." See Order (Doc. 6) at 2. On January 4, 2019, Plaintiff filed the Amended Complaint (Doc. 8) in which he explicitly alleges that Count I asserts a cause of action for race discrimination premised on disparate treatment, not a hostile work environment. See Amended Complaint ¶ 31. Count II asserts a cause of action for retaliation. Id. ¶ 40.

[2] The latter argument is based on a misreading of the Amended Complaint. Plaintiff does not cite to 42 U.S.C. § 1981(a), but rather 42 U.S.C. § 1981a, the damages provision relevant to claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). Thus, Plaintiff's claims are premised solely on Title VII and the Florida Civil Rights Act, Fla. Stat. § 760.10. See Response at 4. These parallel statutes are analyzed

in opposition to the Motion on February 5, 2019.  See Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 18; Response). Notably, in the Response, Plaintiff asserts that "in the event this Court were inclined to dismiss either count of the Amended Complaint based on a pleading deficiency potentially curable, Plaintiff requests that such dismissal be without prejudice to cure via additional amendment."  See Response at 1, 8-9.

Upon receipt of the Response, the Court promptly entered an Order (Doc. 19) advising Plaintiff that his request for an opportunity to amend his pleading, embedded within his Response, was improper.  See generally Order (Doc. 19), entered February 7, 2019.  The Court explained that if Plaintiff wishes to pursue such relief, he is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  See id. at 2.[3]  Plaintiff has not sought leave to amend.  Upon review, the Court finds that Plaintiff's imprecise drafting does not warrant dismissal with prejudice at this time.  Nonetheless, for the reasons set forth below, the Court is sufficiently concerned about the pleading ambiguities that it will require Plaintiff to file a properly pled second amended complaint.  Until the Court can review a more carefully drafted complaint, the Court declines to address the merits of the other arguments set forth in the Motion.

---

under the same framework such that separating claims premised on Title VII and FCRA into distinct counts would not achieve any additional clarity.  See Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1271 (11th Cir. 2010) ("Because the FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework, the state-law claims do not need separate discussion and their outcome is the same as the federal ones.").

[3] Indeed, the Court is not inclined to entertain motions to dismiss seriatim, as would occur if the Court were to adopt the approach that Plaintiff requests.  Rather, if Plaintiff's counsel believes she can resolve the purported pleading deficiencies identified in a motion to dismiss through the filing of an amended complaint, Plaintiff should seek leave to do so rather than waiting for the Court to rule in the hopes of getting another bite at the apple.

In the Amended Complaint, Plaintiff includes a lengthy "Statement of Ultimate Facts" section with detailed factual allegations regarding his employment history with Defendant. This is all well and good, insofar as it goes, but when he reaches the individual counts, Plaintiff reincorporates all of these background facts and then alleges the elements of his claims in vague and conclusory terms. For example, in Count I, Plaintiff asserts that "[t]he discrimination complained of herein has affected and continues to affect a term, condition, or privilege of Plaintiff's employment with Defendant. The events set forth herein have led, at least in part, to adverse actions against Plaintiff." See Amended Complaint ¶ 35. Count II employs similar ambiguous language. Id. ¶¶ 40-42. Without more, one is left wondering what specific "term, condition, or privilege" of employment Plaintiff is referring to, and which of the myriad events described in the statement of facts constitute the actionable "adverse actions" that form the basis of Plaintiff's claims. Moreover, one can only speculate as to which of the unspecified adverse actions are alleged to be based on race, and which are purportedly retaliatory. While in some cases a plaintiff's meaning may be self-evident, here, where Plaintiff includes a litany of wrongdoing over the four-year course of his employment, all incorporated into singular counts of race discrimination and retaliation, it is altogether unclear which discrete acts form the basis of his claims. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889-90 (11th Cir. 2011) ("Where a plaintiff has alleged a host of claims based on discrete facts of discrimination in just one count, we have noted that the plaintiff failed to comply with Rules 8 and 10."); see also Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (discussing the purpose of Rules 8 and 10). Allowing the case to proceed to summary judgment on such vaguely-defined claims results in unfocused briefing and the needless expenditure of judicial resources unraveling precisely

what it is that Plaintiff contends.[4]  See Davis v. City of Lake City, Case No. 3:10-cv-1170-J-34TEM, 2013 WL 12091324, at *5 n.9 (M.D. Fla. Mar. 15, 2013); Baker v. City of Safe Harbor, Fla., No. 8:07-cv-1120-T-23TGW, 2008 WL 4200147, at *7-8 (M.D. Fla. Sept. 12, 2008).  As such, to promote clarity and the efficient use of both the parties' and the Court's resources, the Court will direct Plaintiff to file a second amended complaint which corrects the deficiencies identified in this Order.  Accordingly, it is

**ORDERED**:

1. Defendant City of Atlantic Beach's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 10) is **GRANTED, in part, and DENIED without prejudice, in part**.

    A. The Motion is **GRANTED** to the extent the Court **dismisses** the claims set forth in the Amended Complaint **without prejudice** to the filing of a second amended complaint.

    B. Otherwise, the Motion is **DENIED without prejudice**.  Upon the filing of the second amended complaint, if appropriate, Defendant may reassert the arguments not addressed above.

---

[4] Indeed, in previous cases involving Plaintiff's counsel, this Court and the court of appeals have noted the problems created at summary judgment by the vague and conclusory manner in which she drafts her pleadings.  See Davis v. City of Lake City, Fla., No. 3:10-cv-1170-J-34TEM, 2013 WL 12091324, at *5 n.9 (M.D. Fla. Mar. 15, 2013) aff'd 553 F. App'x 881, 882 n.1 (11th Cir. 2014); Brownfield v. City of Lake City, No. 3:16-cv-1433, 2018 WL 1316233, at *1 n.3 (M.D. Fla. Mar. 14, 2018); Newsome v. Dolgencorp, LLC, No. 3:17-cv-527-J-34PDB, 2018 WL 5785458, at *6 n.9 (M.D. Fla. Nov. 5, 2018); see also Duckworth v. Pilgrim's Pride Corp., 764 F. App'x 850 (11th Cir. 2019); Palmer, 418 F. App'x at 889-90.

2. Plaintiff shall have up to and including **June 21, 2019**, to file a second amended complaint that complies with the directives of this Order.

**DONE AND ORDERED** in Jacksonville, Florida, this 31st day of May, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties